[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 9, 2008
THOMAS K. KAHN
CLERK

No. 08-10547
Non-Argument Calendar

_____

D. C. Docket No. 05-00158-CV-CAP-1

CATHLEEN GARY,

Plaintiff-Appellee,

versus

DEKALB COUNTY GOVERNMENT, et al.,

Defendants,

VERNON JONES, CEO,
THOMAS BROWN,
GRAHAM,
MOSES ECTOR,
EDDIE MOODY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 9, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

DeKalb County officials Vernon Jones, Thomas Brown, Eddie Moody, Louis Graham, and Moses Ector appeal the denial of their motion to dismiss Cathleen Gary's complaint based on qualified immunity. See 42 U.S.C. § 1983. The district court concluded that the officials failed to allege that they were engaged in discretionary functions when they performed the acts alleged in Gary's complaint. We affirm.

The officials raise two issues for review. We have jurisdiction to review whether the officials are entitled to qualified immunity. See 28 U.S.C. § 1291; Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003). We review de novo the denial of qualified immunity and accept the factual allegations in the complaint as true and construe the facts in the light most favorable to the plaintiff. Id. We lack jurisdiction to review the officials' argument that Gary's complaint fails to state a claim for relief. Koch v. Rugg, 221 F.3d 1283, 1296 (11th Cir. 2000).

The officials argue on appeal that they were engaged in their respective discretionary functions for DeKalb County, but the officials did not allege in their motion to dismiss that they were performing discretionary functions. See Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1263–64 (11th Cir. 2004).

2

The officials also argue that Cathleen Gary did not identify which official or officials committed actions that violated her constitutional rights, but we disagree. Although Gary did not identify which official or officials committed acts that violated her rights, when read liberally, see Thomas v. Ga. State Bd. of Pardons and Paroles, 881 F.2d 1032, 1033 (11th Cir. 1989), Gary's complaint alleges that the named officials implanted a device in her body that violates her right to privacy under the First Amendment and constitutes an illegal search and seizure under the Fourth Amendment. No matter how fanciful Gary's complaint appears to be, the record does not support a finding of qualified immunity.

**AFFIRMED.**